IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENELOPE P. HARRIS, ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RANDY MERCHANT, ET AL. | : | NO. 09-1662 |

**MEMORANDUM**

**Padova, J.**                                                                 **August 3, 2009**

Plaintiffs, who are trustees of the Marital Trust of Henry F. Harris ("the Trust"), bring this action, seeking payments under a builder's risk insurance policy for damage to a home that the Trust owned.  Defendant Regional Excess Underwriters, LLC ("Regional") has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asking that we dismiss the sole claim against it, a negligence claim in Count III of the Complaint.[1]  For the following reasons, the Motion is denied.

I.      **BACKGROUND**

The Complaint alleges that, in October 2006, Henry Harris asked his insurance brokers, Randy Merchant and Northeast Harbor Insurers, Inc. (the "Merchant Defendants"), to procure and maintain a builder's risk insurance policy for a new home ("Tides") that he was constructing in Maine. (Compl. ¶ 15.)  Upon Harris's death, his estate was transferred to a Trust.  (Id. ¶ 18.)  Plaintiffs, as executors of the Trust, continued to rely on the Merchant Defendants for the Trust's insurance needs. (Id.)  When the builder's risk policy for Tides expired in October 2007, the Merchant Defendants obtained a replacement policy from Defendant Certain Underwriting Members of Lloyd's Subscribing to Policy Number B0750RNAFG0701840 ("Lloyd's") through its representative, Regional.  (Id. ¶¶ 21, 25.)

---

[1]Regional is also known as Acadia Excess Underwriters and Berkley Excess Underwriters. (Compl. ¶ 10.)

On July 25, 2008, an explosion occurred at Tides, resulting in significant damage to the property. (Id. ¶ 26.) Plaintiffs submitted a claim to Lloyd's for the damage, but were notified by the Merchant Defendants that the Lloyd's policy had expired prior to the explosion. (Id. ¶ 28.) Plaintiffs subsequently learned that Regional had sent a letter to the Merchant Defendants on May 13, 2008, indicating that coverage under the Lloyd's policy would expire on May 14, *2009* because Regional had not received word regarding renewal of the Tides policy. (Id. ¶¶ 29, 34.)

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), we take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will grant a Rule 12(b)(6) motion if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## III.   DISCUSSION

Count III of the Plaintiffs' Complaint asserts a negligence claim against Regional. The Complaint alleges that Regional "owed [P]laintiffs a duty to use due and proper care in preparing and transmitting communications concerning coverage under the Policy" and breached that duty "by

negligently and carelessly transmitting [a] defective expiration notice . . . ." (Id. ¶¶ 51-52.) Regional

seeks dismissal of Count III on the ground that, under Maine law, it owed Plaintiffs no duty of care

and, accordingly, Plaintiffs have failed to state claim upon which relief can be granted.[2]

In order to state a claim for negligence under Maine law, a plaintiff must allege that a duty

of care existed, that defendant breached that duty, and that defendant's breach proximately caused

the plaintiff's injury. Brown v. Crown Equip. Corp., 960 A.2d 1188, 1193 (Me. 2008) (citation

omitted). Regional contends that, under Maine law, there must be an agency relationship between

an insured and an insurance broker in order for the insured to be able to state a negligence claim.

(Def.'s Mem. at 5.)   According to Regional, there was no agency relationship between it – as

Lloyd's broker – and the Trust and, thus, Plaintiffs' negligence claim against it fails to state a claim

upon which relief can be granted. Id. at 3-5 (citing Ghiz v. Richard S. Bradford, Inc., 573 A.2d 379

(Me. 1990), and Metayer v. PFL Life Ins. Co., Civ. A. No. 98-177, 1999 WL 33117063 (D. Me. July

---

[2]Plaintiffs question Regional's basis for asserting that Maine law applies, i.e., that the insurance contract provides that questions concerning interpretation of the policy shall be governed by Maine law, because the issue raised in this motion is not a matter of contract interpretation. However, Plaintiffs then assume "for purposes of argument," that Maine law does apply.   We are also comfortable applying Maine law as it appears that there is no conflict between the two potential bodies of law – Pennsylvania's and Maine's – as we believe that Pennsylvania, like Maine, would impose a duty on Regional under the circumstances of this case. See Pressley v. Travelers Prop. Cas. Corp., 817 A.2d 1131, 1141-42 (Pa. Super. Ct. 2003) (affirming lower court's determination that an insurance agent was jointly and severally liable to insured for negligence for failing to obtain requested insurance coverage).   Moreover, even if there were a conflict between the laws of Pennsylvania and Maine, we would find that Maine law would apply here since, taking the allegations of the Complaint as true, Maine appears to have the more significant contacts with the insurance contract at issue, because (1) Tides is located in Maine, (2) Plaintiffs purchased the policy in Maine, (3) most of the Defendants are located in Maine, and (4) the alleged negligent communications took place between Maine residents.   See Budtel Assoc. LP v. Cont'l Gas Co., 915 A.2d 640, 645 (Pa. Super. Ct. 2006) (stating that when a conflict exists, we apply the law of the state with "the greater interest in the application of its law[,]" i.e., the "most significant contacts or relationships with the insurance contract" (citations omitted)).

15, 1999)).

However, under Maine law, the authorized agent of an insurer must  "be regarded as in the place of the insurer in all respects regarding any insurance effected by [them]."  Me. Rev. Stat. Ann. 24-A § 2422(2).  Lloyd's plainly had a duty to act in good faith and deal fairly with Plaintiffs and their agent, the Merchant Defendants.  Marquis v. Farm Family Mut. Ins. Co., 628 A.2d 644, 648 (Me. 1993).  Moreover, the Complaint alleges that Regional acted as Lloyd's representative in connection with the Lloyd's policy (Compl. ¶¶ 21, 25, 31, 36, 51), and that Regional is named as Lloyd's representative in the Lloyd's Policy. (Id. Ex. B, Schedule.)  Thus, taking the allegations of the Complaint as true, we find for purposes of this Motion that Regional was Lloyd's authorized agent under Maine law.  Me. Rev. Stat. Ann. 24-A § 2422(1) (stating that "an agent authorized by an insurer, if the name of such agent is borne on the policy, is the insurer's agent in all matters of insurance.").  Regional, like Lloyd's, thus owed a duty to act in good faith and to deal fairly with Plaintiffs and the Merchant Defendants.  See id. § 2422(2).

We find additional support for our conclusion that Regional owed a duty to Plaintiffs in the Maine Supreme Judicial Court's decision in County Forest Prods., Inc. v. Green Mountain Agency, Inc., 758 A.2d 59 (Me. 2000).  In that case, the court found that County Forest Products, Inc. ("County Forest") could assert a negligence action against the surplus lines broker that secured its insurance policy, after the broker agreed to procure a requested increase in coverage limits, but failed to do so.  Id. at 70.  County Forest had asked its insurance agent to obtain an increase in its liability limits.  Id.  The agent submitted this request to the surplus lines broker, which agreed to increase the coverage.  Id. at 63.  The coverage was never increased, however, and the court concluded that the surplus lines broker could be held liable in negligence for County Forest's damages after County

4

Forest suffered a fire loss and its insurer denied that coverage had ever been increased.  Id. at 69-70.

       In the instant case, the Complaint alleges that Regional (like the surplus lines broker in County Forest) voluntarily undertook a responsibility in connection with an insurance policy in that it undertook the responsibility of sending the policy expiration notice to the Merchant Defendants. It is hornbook law that "where an agent voluntarily assumes the duty of advising the insured as to the suspension of coverage under a policy, such voluntary assumption creates an obligation upon which the law imposes a duty of care."  4 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 55:5 (3d ed. 2009).  We conclude, accordingly, that Maine would recognize that Regional had a duty to act with reasonable care in sending the expiration notice to the Merchant Defendants, and that Maine would also recognize a cause of action in negligence for breach of that duty.  See County Forest, 758 A.2d at 69-70 ("[a]n [insurer's] agent can always be held personally liable for his own negligence under ordinary tort principles." (quoting McAlvain v. Gen. Ins. Co. of Am., 554 P.2d 955, 959 (Idaho 1976))).

       The cases on which Defendant relies, Ghiz and Metayer, do not persuade us otherwise. Rather, those cases hold only that, absent an agency relationship between an insurance agent and an insured, "the agent does not have a duty to advise the insured as to the adequacy of coverage." Metayer 1999 WL 33117063 at *11 (citing Ghiz, 573 A.2d at 380-81) (emphasis added); see also Szelenyi v. Morse, Payson & Noyes Ins., 594 A.2d 1092, 1094 (Me. 1991) (holding that even where there is an agency relationship between an insured and an insurance agent, the agent has no duty to advise the insured about the adequacy of coverage).  As the instant case does not involve the adequacy of coverage, these cases are simply inapposite.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied. An appropriate order

follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.